HELEN R. McA. McMORRIS, Plaintiff, *v.* ORA McA. GIBSON and Another, Defendants.

Supreme Court, Washington County, May 7, 1935.

*Van Kirk & Dewell*, for the plaintiff.

*Joseph B. McCormick*, for the defendant Ora McA. Gibson.

LAWRENCE, J. On January 1, 1922, the defendants, who are husband and wife, made their joint and several promissory note to the order of the plaintiff for $2,150 and interest at five per cent, payable one year after date. Payments were made from time to time by Charles Gibson and receipts were given. One such payment was by check dated January 1, 1924. The check was written by Ora Gibson and signed by the name, Charles Gibson, by Ora Gibson, and drawn on funds of Charles Gibson. It was for $105 and marked as payment of interest in full. No other payments were made by Ora Gibson.

The parties have stipulated that the note was executed by both defendants and have stipulated the amount unpaid thereon.

Under date of January 23, 1935, the defendant Ora Gibson wrote the following letter to the attorneys for the plaintiff:

" SALEM, N. Y. R. D.,
January 23, 1935.

" VAN KIRK & DEWELL,
" Greenwich, N. Y.

" DEAR SIRS: Your letter just came. I paid Mr. Wilson all the money I had and he gave me receipt for same. It was impossible for me to call at your office. However, you can get in touch with Mr. Robert N. Wilson, Salem, N. Y. He not only knows your client and myself and knows I have always done all I could to satisfy your client.

" Yours truly,
" CHARLES AND ORA McA. GIBSON.

" P. S. I will try and see you in Salem next week Tue. January 29, 1935."

The action was commenced on February 2, 1935, by the service of a summons and complaint on both defendants. Defendant Charles Gibson has defaulted. Defendant Ora Gibson in her answer admits the making of the note. She denies that she ever paid anything on it and sets up the Statute of Limitations as a defense. The question, therefore, arises as to whether the letter above quoted is a sufficient acknowledgment of the obligation to avoid the Statute of Limitations in the case against Ora Gibson. There is nothing in it inconsistent with her promise to pay.

It would seem that this case is different from one where the debt is discharged as in bankruptcy. In that case the debt would cease to exist and an action would have to be based on a new promise. In the case at bar the debt is not discharged but the remedy is taken away or suspended until the debt is revived by an acknowledgment of its existence. Under the Statute of Limitations there is a presumption of payment and any acknowledgment of the obligation avoids the presumption of payment created by the statute, and such acknowledgment furnishes evidence from which a promise to pay may be implied. It seems to me that all that is necessary in this case is a statement in writing which, when construed in the light of the circumstances, shows a purpose to recognize the claim as an obligation. In my judgment the statement does that. There would seem to be no good reason for writing the letter except to recognize an existing obligation and especially so when that is the only obligation intended to be referred to. It may also be stated that the letter referred to was written by Ora Gibson and that she signed her own name and the name of

her husband to it. It is rather significant that in that letter she states: " I paid Mr. Wilson [the representative of the plaintiff] all the money I had and he gave me a receipt for the same." That would at least strongly suggest a ratification of payments made by the husband.

I hold as a matter of law that the defense of the Statute of Limitations is not available here. Judgment for the amount due on the note according to the stipulation may be entered.